

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[illegible] OFFICE

[illegible] 20 P 1:40

| | |
|---|---|
| ANDRE MITCHELL and DOROTHY MITCHELL ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER AARON KENNEDY, OFFICER ) <br> ROBERT QUIRK, OFFICER DAVID ) <br> SPADAFORE, SERGEANT MARK AMICO, ) <br> SERGEANT DENNIS SURRETTE and the ) <br> TOWN OF LEOMINSTER ) <br> ) <br> Defendants ) <br> ) | C.A No._____ <br><br> **04-40259FDS** <br><br> RECEIPT # 404478 <br> COMPLAINT  150.00 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ✓ <br> MCF ISSUED ✓ <br> BY DPTY. CLK. S Jones <br> DATE 12-20-04 |

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiffs' constitutional rights brought pursuant to 42 U.S.C. §1983. Plaintiffs Andre Mitchell alleges that the Defendant police officers falsely arrested him and used excessive force in effectuating that arrest. Plaintiff Dorothy Mitchell alleges that the Defendant police officers unlawfully entered her home, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I. The Plaintiffs further allege that the Defendant Town of Leominster has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Andre Mitchell is a resident of Leominster.

4. Plaintiff Dorothy Mitchell is a resident of Leominster.

5. Defendant Officer Aaron Kennedy is a police officer for the Leominster Police Department, acting under color of law at all time relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Leominster.

6. Defendant Officer Robert Quirk is a police officer for the Leominster Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Leominster

7. Defendant Officer David Spadafore is a police officer for the Leominster Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Leominster

8. Defendant Sergeant Mark Amico is a police officer for the Leominster Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Leominster

9. Defendant Sergeant Dennis Surrette is a police officer for the Leominster Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant Town of Leominster

10. Defendant Town of Leominster is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

11. On the evening of May 17, 2002, Plaintiff Andre Mitchell was alone, outside the house of Plaintiff Dorothy Mitchell, his mother.

12. When Mr. Mitchell turned to go back into the house, located at 84 Adams Street in Leominster, two police cars pulled up, allegedly responding to a call of an Asian male being attacked by three other males.

13. As Mr. Mitchell proceeded into the house, Defendant Officer Kennedy yelled to him: "Where are you going?"

14. Kennedy then pursued Mr. Mitchell into Ms. Mitchell's home without a warrant or circumstances justifying a warrantless entry into a private home, and despite the fact that he had been dispatched to investigate something completely unrelated to the Plaintiff's lawful presence outside his mother's house.

15. In order to enter the house, Defendant Kennedy first kicked Ms. Mitchell's door open.

16. He then pursued Mr. Mitchell through the dining room and kitchen, knocking over his two-and-a-half-year-old nephew, Antoine Mitchell.

17. As a result, Antoine Mitchell sustained a bruise which required medical treatment.

18. When asked by Ms. Mitchell why they had entered her house without a warrant, the Defendant Officers gave no reply.

19. Defendant Kennedy then approached the Mr. Mitchell and slammed him into the floor, using more force than necessary.

20. After handcuffing him, the Defendant then pulled Mr. Mitchell into a standing position and delivered a dose of pepper spray directly into his eyes and mouth, again using substantially more force than necessary to effectuate this unjustified arrest.

21. Meanwhile, the other Defendants had entered Ms. Mitchell's home.

22. Soon thereafter, all of the residents were forced to exit to the street because the pepper spray made it difficult to breathe, and their throats and eyes were burning.

23. Mr. Mitchell was then placed into a police cruiser and transported to the Leominster Police Station without probable cause that he had committed or was about to commit a crime.

24. When asked by the Mr. Mitchell why he was being arrested, Defendants again gave no reply.

25. When Mr. Mitchell was released from jail that day, he went directly to the hospital for treatment on his eyes, which were still burning as a result of the pepper spray needlessly applied by Defendant Kennedy.

26. Subsequently, he was charged with disorderly conduct and assault and battery with a dangerous weapon.

27. However, all criminal charges against Mr. Mitchell were dismissed at the request of the Commonwealth.

28. Mr. Mitchell filed an internal complaint regarding the actions as set forth above, but it was never investigated by the Defendant Town of Leominster.

### COUNT I
### VIOLATION OF 42 U.S.C. §1983
### BY DEFENDANT POLICE OFFICERS AARON KENNEDY, ROBERT QUIRK, DAVID SPADAFORE, MARK AMICO AND DENNIS SURRETTE

29. The Plaintiffs restate the allegations in paragraphs 1 through 28 and incorporate said paragraphs herein as paragraph 29.

30. By the actions alleged in paragraphs 1 through 28, Defendants Kennedy, Quirk, Spadafore, Amico and Surrette deprived the Plaintiffs of their right to be free from unreasonable seizures, to be free from unreasonable searches, and to be free from the use of excessive force, all in violation of 42 U.S.C. §1983 and their Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I
## BY DEFENDANT POLICE OFFICERS AARON KENNEDY, ROBERT QUIRK, DAVID SPADAFORE, MARK AMICO AND DENNIS SURRETTE

31. The Plaintiffs restate the allegations in paragraphs 1 through 30 and incorporate said paragraphs herein as paragraph 31.

32. By the actions described in paragraphs 1 through 30, Defendants Kennedy, Quirk, Spadafore, Amico and Surrette violated the Plaintiffs' civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, §11I.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
## BY DEFENDANT TOWN OF LEOMINSTER

33. The Plaintiffs restate the allegations in paragraphs 1 through 32 and incorporate said paragraphs herein as paragraph 33.

34. The Town of Leominster has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

    a. not adequately training and supervising its police officers on the proper use of force, search guidelines and arrest procedures;

    b. not adequately investigating citizens' complaints against its police officers, nor taking prompt disciplinary action against officers who violate the rights of citizens; and,

    c. not adequately supervising officers who are prone to conducting illegal searches and seizures, and to the use of excessive force.

**WHEREFORE,** the plaintiff requests that this Court award:

1. Compensatory damages against all defendants jointly and severally;

2. Punitive damages against Defendants Kennedy, Quirk, Spadafore, Amico and Surrette;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

DATED: December 16, 2004

                                      Respectfully submitted
                                      Plaintiffs Andre Mitchell and
                                      Dorothy Mitchell
                                      By their attorneys,

                                      _____
                                      Stephen Hrones
                                      BBO No. 242860
                                      Jessica D. Hedges
                                      BBO No. 645847
                                      Hrones & Garrity
                                      Lewis Wharf – Bay 232
                                      Boston, MA 02110-3927
                                      (617) 227-4019

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

04-40259

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Andse Mitchell, Dorothy Mitchell

**DEFENDANTS**
Ayson Kennedy, Robert Quirk, David Spadufore, Mark Amico, Dennis Surrette, Town of Leominster

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stephen Hrones, Hrones + Garrity
Lewis Wharf - Bay 232
Boston MA 02110  617-227-4019

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 USC 1983 action for civil rights violations by defendant officers

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Other | ☐ 871 IRS—Third Party 26 USC 7609 | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** TBD
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 12/15/04   SIGNATURE OF ATTORNEY OF RECORD  Stephen Hrones

UNITED STATES DISTRICT COURT



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Andre Mitchell v. Aaron Kennedy

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                YES       (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                (YES)      NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION          (CENTRAL DIVISION)          WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen Hrones, Hrones + Garrity
ADDRESS  Lewis Wharf Bay 232 Boston 02110
TELEPHONE NO.  617 227 4019

(Cover sheet local.wpd - 11/27/00)