UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40259FDS

| | |
|---|---|
| ANDRE MITHCELL and <br> DOROTHY MITCHELL, <br>     Plaintiffs <br> <br> vs. <br> <br> OFFICER AARON KENNEDY, OFFICER <br> ROBERT QUIRK, OFFICER DAVID <br> SPADAFORE, SERGEANT MARK AMICO, <br> SERGEANT DENNIS SURRETTE and the <br> TOWN OF LEOMINSTER, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS, OFFICER AARON KENNEDY, OFFICER ROBERT QUIRK, OFFICER DAVID SPADAFORE, SERGEANT MARK AMICO, SERGEANT DENNIS SURRETT AND THE TOWN OF LEOMINSTER'S, ANSWER AND DEMAND FOR TRIAL BY JURY**

**AS TO INTRODUCTION**

1. To the extent that the allegations contained in the paragraph 1 allege wrongdoing on the part of the defendants, they deny the same.

**AS TO JURISDICTION**

2. The defendants neither admit nor deny the allegations contained in paragraph 2 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

**AS TO PARTIES**

3. The defendants neither admit nor deny the allegations contained in paragraph 3 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

394644

4. The defendants neither admit nor deny the allegations contained in paragraph 4 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

5. The defendants neither admit nor deny the allegations contained in paragraph 5 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

6. The defendants neither admit nor deny the allegations contained in paragraph 6 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

7. The defendants neither admit nor deny the allegations contained in paragraph 7 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

8. The defendants neither admit nor deny the allegations contained in paragraph 8 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

9. The defendants neither admit nor deny the allegations contained in paragraph 9 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

10. The defendants admit the allegations contained in paragraph 10 of the plaintiffs' complaint.

## AS TO FACTS

11. The defendants deny the allegations contained in paragraph 11 of the plaintiffs' complaint.

394644

12. The defendants say that on or about May 17, 2002, defendant Kennedy and defendant Quirk responded to Adams Street where the plaintiff Andre Mitchell was observed to move from a group huddled against a white vehicle whereupon the plaintiff was confronted by the officer after which he fled into 84 Adams Street. To the extent that paragraph 12 alleges any wrongdoing on the part of any defendant herein, the same is denied.

13. The defendants neither admit nor deny the allegations contained in paragraph 13 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiffs' complaint.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiffs' complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiffs' complaint.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiffs' complaint.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiffs' complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiffs' complaint.

394644

21. The defendants neither admit nor deny the allegations contained in paragraph 21 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiffs' complaint.

23. The defendants deny the allegations contained in paragraph 23 of the plaintiffs' complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiffs' complaint.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiffs' complaint.

26. The defendants neither admit nor deny the allegations contained in paragraph 26 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

27. The defendants neither admit nor deny the allegations contained in paragraph 27 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiffs' complaint.

## AS TO COUNT I

29. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 28 of the plaintiffs' complaint and incorporate them herein by reference.

30. The defendants deny the allegations contained in paragraph 30 of the plaintiffs' complaint.

## AS TO COUNT II

31. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 30 of the plaintiffs' complaint and incorporate them herein by reference.

32. The defendants deny the allegations contained in paragraph 32 of the plaintiffs' complaint.

## AS TO COUNT III

33. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 32 of the plaintiffs' complaint and incorporate them herein by reference.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiffs' complaint.

## SECOND DEFENSE

The defendants say that the accident as alleged in the plaintiffs' complaint was not caused by any person for whose conduct the defendants are legally responsible.

## THIRD DEFENSE

The defendants say that at the time of the alleged accident the plaintiff were guilty of a violation of the law which contributed to the alleged accident.

## FOURTH DEFENSE

The defendants say that this action was not commenced within the time required by the laws made and provided therefor.

## FIFTH DEFENSE

The defendants say that due written notice of the time, place, and cause of the plaintiffs' injuries was not given by the plaintiffs to the said defendants, and as a result the defendants have been prejudiced.

394644

## SIXTH DEFENSE

The plaintiffs are not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

## SEVENTH DEFENSE

The defendants say that if plaintiffs were injured as alleged, such was due to the acts or negligence of another, which constitute an intervening, superseding cause and, therefore, defendants are not liable.

## EIGHTH DEFENSE

The defendant says that the plaintiff has failed to comply with the requirements of M.G.L. c. 258, §§ 2 and 4 and, as such, the Complaint must be dismissed.

## NINTH DEFENSE

The defendants say that they are immune from liability in this case.

## TENTH DEFENSE

The defendants say that the discretionary function exemption applies so as to preclude the imposition of liability in this case.

## ELEVENTH DEFENSE

The defendants say that M.G.L. c. 258, § 10 precludes the imposition of liability in this case.

## TWELFTH DEFENSE

The defendants say that they are immune from liability as defendant's actions are privileged.

## THIRTEENTH DEFENSE

The defendants cannot be held liable for violating the civil rights of the plaintiffs as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

394644

**FOURTEENTH DEFENSE**

The defendants say that the claims alleged pursuant to M.G.L. c. 12, § 11H and I must be dismissed as there are no allegations of deprivation of constitutional and/or statutory rights by force, threat, intimidation, or coercion.

**FIFTEENTH DEFENSE**

The doctrine of qualified immunity precludes the imposition of liability.

**SIXTEENTH DEFENSE**

The defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement.

**SEVENTEENTH DEFENSE**

The defendants say that they are immune from liability for damages for any violation of the plaintiffs' civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

**EIGHTEENTH DEFENSE**

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

**NINTEENTH DEFENSE**

The injuries for which the plaintiffs are seeking damages are unrelated to the accident and, therefore, the plaintiffs are not entitled to recover.

394644

## TWENTIETH DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiffs have failed to show that the defendants caused the alleged constitutional violation.

## TWENTY-FIRST DEFENSE

The defendants state that the plaintiffs' claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

## TWENTY-SECOND DEFENSE

The defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiffs cannot recover.

## TWENTY-THIRD DEFENSE

The defendants state that plaintiffs have failed to set forth an actionable claim, pursuant to 42 USC § 1983 since the plaintiffs are unable to establish that there was a deliberate indifference to the rights of its inhabitants or that the alleged deficiency is related to plaintiffs' alleged injuries.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> THE DEFENDANTS
> OFFICER AARON KENNEDY,
> OFFICER ROBERT QUIRK,
> OFFICER DAVID SPADAFORE,
> SERGEANT MARK AMICO,
> SERGEANT DENNIS SURRETTE and the
> TOWN OF LEOMINSTER
>
> By   /s/ Nancy Frankel Pelletier, Esq.
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.:  544402

394644